HERGET, Judge.
Plaintiff, Aetna Insurance Company, alleging it had paid to its insured, Joseph Langlois, Sr., $2,700 for damages caused by Mrs. Frances Morgan on December 5, 1960 to the “drive-in” window of a building leased to The Guaranty Federal Savings and Loan Association,of Baton Rouge and, accordingly, it was subrogated to the rights and claims of its assured, instituted this action against Mrs. Frances Morgan, her husband, Murray Morgan, and their liability insurer, American General Insurance Company.
To the petition, through counsel, all Defendants jointly filed a peremptory exception of prescription predicated on the contention the accident in which defendant, Mrs. Frances Morgan, was involved occurred on September 30, 1960 and,' as the petition alleging the accident occurred on December 5, 1960 was filed on December 4, 1961 more than one year following the date of the accident of September 30, 1960, Plaintiff’s claim against Defendants had prescribed.
On October 29, 1962 the case was heard on the plea of prescription and, for oral reasons dictated into the record, the Trial Judge sustained the exception and dismissed Plaintiff’s suit against Defendants. From this judgment Plaintiff appealed.
The only issue presented for our resolution is one of fact. The verity of the plea of prescription hinges upon Exceptors proving by a preponderance of evidence the damage caused by Mrs. Morgan was sustained more than one year prior to the institution of suit.
Admittedly, Mrs. Morgan did cause damage to the “drive-in” window of the build *922 ing of Plaintiff’s assured. On the trial of the exception it was shown the “drive-in” window was struck on three occasions by motorists.
On the date of the accident in which Mrs. Morgan was involved, she was accompanied by her daughter, Mrs. Freda Swindle. Mrs. Morgan testified this was the sole journey she made onto the premises of The Guaranty Federal Savings and Loan; that she had in her possession a check dated September 27, 1960 issued to her husband, Murray Morgan, for his salary, which she intended to cash; that she thought The Guaranty Federal Savings and Loan was a bank at which she could cash the check and pay an installment due on an insurance policy at the office of Sutton and Clark, insurance agents located in the same building; that the vehicle she was driving struck the “drive-in” window, in consequence of which slight damage was done to the right front fender of her car and the seal-beam headlight located on said fender was broken; that following the accident, upon ascertaining the business establishment was not a bank and she was unable to cash the check, her daughter loaned her $10 and she repaired to the office of Sutton and Clark and made payment of said amount and thereafter went to a Food Town supermarket on Plank Road and cashed the check. In corroboration of Mrs. Morgan’s testimony there was offered in evidence a photostat of the check of Live Oak Sand and Gravel, Inc. dated September 27, 1960, drawn on Livingston State Bank payable to the order of Murray Morgan and by him endorsed. It also bears the endorsement of Food Town for deposit in Fidelity National Bank and the stamp of said bank as having been accepted on September 29, 1960 and bears the stamp of Livingston State Bank on September 30, 1960.
Mrs. Morgan further testified she had' the damage done to her car in this accident, repaired by Minton’s Auto Service. The Defendants-exceptors called Mr. J. A. Min-ton as a witness. In connection with his testimony there was offered in evidence a receipt of Minton’s Auto Service to Mrs. Murray Morgan dated 10/1/60 in the suma of $8.24 for repair of the right front fender of a Ford automobile. Mr. Minton testified Mrs. Morgan informed him the damage-was done to her vehicle when she struck a “drive-in” window. He further related that no other repairs were made by him to any automobile owned by Mr. or Mrs. Murray Morgan during the year of 1960.
In further corroboration of the testimony of Mrs. Morgan, there was offered in evidence a receipt of Sutton and Clark, Inc., general insurance, dated 9/28/60 to Mrs. Morgan for $10.
Mrs. Swindle, who had accompanied her mother on the date of the accident, testified that she was married on September 13,. 1960 and that the accident happened on the last day of September or first day of October. Of this time she was certain because-she had “just gotten married” and she was. positive the accident could not have occurred as late as December S, as contended by Plaintiff.
The testimony of these witnesses was un-impeached and the Trial Court was impressed with their veracity. Albeit the exception alleges the date of the Morgan accident was September 30, 1960, the evidence offered, without objection by Exceptors, discloses the correct date to have been September 28, 1960. The claim of Plaintiff against Defendants was prescribed when: suit was filed on December 4, 1961.
Affirmed.